JAMES G. SMITH, Appellant, v. JOSEPH W. COUCH, Respondent.

Kansas City Court of Appeals, February 5, 1906.

1. ATTORNEY AND CLIENT: Recovery for Services: Pleading: Instructions: Evidence. In an action by an attorney to recover the value of his services the liability was admitted and the sole question was the value of the services. *Held*, an instruction permitting recovery for claims not pleaded was technically erroneous, but as there was no evidence of any such claims it was harmless.

2. ———: ———: Instructions: Evidence. While the standing and character of an attorney may constitute an element in determining his fee, an instruction to that effect is erroneous where there is no evidence regarding his character and standing.

3. ——: ——: **Evidence: Client's Poverty: Prospective Bene-fits: Contingent Fee.** Evidence of client's poverty is not admissible in an action by an attorney to recover for his services, neither are the prospective benefits resulting to the client; but where a fee is contingent upon the success of the litigation the value of the property involved is pertinent and also its increasing or decreasing value during the time covered by the litigation.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Harry E. Colvin, James A. Reed* and *C. O. Tichenor* for appellant.

(1) The matter in dispute was as to what was a reasonable fee for services rendered. To justify the setting aside the verdict in plaintiff's favor there must have been error "which substantially or materially affected the merits of the action." Moss v. Richie, 50 Mo. App. 79; Vaughan v. Railway, 34 Mo. App. 141; Brink v. Railroad, 17 Mo. App. 196; Epstien v. Clothing Co., 67 Mo. App. 235; Clark v. Cox, 118 Mo. 657; Berkson v. Railway, 144 Mo. 221. (2) The verdict should not have been disturbed, for it was "manifestly for the right party." Walker v. Railway, 68 Mo. App. 466; Bassett v. Glover, 31 Mo. App. 161; Green v. Bank, 128 Mo. 575; Vogg v. Railway, 138 Mo. 180. (3) The case was tried on both sides on the theory that the only matter to be tried by the jury was as to what was a reasonable fee for the services rendered. Neither side can now say that this theory was wrong; each is bound by a verdict pursuant to this theory. Gates v. Railway, 44 Mo. App. 495; Miller v. Railroad, 56 Mo. App. 77.

*Peak & Strother* for respondent.

(1) The court erred in giving the first instruction for plaintiff. Gibbs v. Wall, 10 Colo. 153, 14 Pac. 216, 219, 220. (2) The court erred in giving the second instruc-

.tion for plaintiff, because it authorized the jury in fixing
the amount of the verdict, to consider "plaintiff's stand-
ing and character in the legal profession," when there
was no evidence in the case to show what was his "stand-
ing and character in the legal profession." (3) The
court erred in admitting evidence in regard to the
increase in the value of the property after the mak-
ing of the contract of sale, and pending the litiga-
tion for the specific performance of such contract. Haish
v. Payson, 107 Ill. 365; Robbins v. Harvey, 5
Conn. 335, 341, 342. (4) The price agreed to be paid
by defendant for the property being its then fair market
value, any increase in value thereafter would be no de-
fense to that suit for specific performance, and hence
such increase in value was wholly immaterial in this
case. Low v. Treadwell, 12 Maine 441; Cody v. Gale,
5 W. Va. 547, 565; Willard v. Tayloe, 75 U. S. (8 Wall.)
·557, 19 L. Ed. 501, 505.

BROADDUS, P. J.—This suit is to recover the
reasonable value of plaihtiff's service as an attorney at
law rendered by him for defendant in a certain proceed-
ing for specific performance of a contract to convey land
to the defendant, made by one, Angeline Parish. There
was a trial by a jury and a verdict returned for
plaintiff for $1,438.31, which the court set aside on de-
fendant's motion, and granted a new trial for error in
giving instruction numbered 1 for plaintiff. From the
order granting a new trial, plaintiff appealed.

The gist of the petition is that, in August,
1899, the defendant employed the plaintiff at such
compensation as his services should be reason-
ably worth to give him such legal advice from
time to time as said defendant might require in the
premises, and also to do any and all conveyancing need-
ful to the premises, and also to do such copying and
engrossing of instruments, and to make such journeys
in and about the said business and such attendance of

court as might be deemed necessary. The petition then proceeds to allege that between August, 1899, and June, 1903, the plaintiff performed certain legal services for defendant at his request, of the reasonable value of $2,000. The answer was a general denial. On the trial, defendant's liability was admitted and the only question before the jury was the reasonable value of plaintiff's services under his contract with defendant as shown by the evidence.

Instruction numbered 1, which the court on motion for new trial found to be error, is as follows: "The court instructs the jury that, if from the evidence you find and believe that the plaintiff performed the services described in the petition and in the testimony, or any of them, at the request of defendant, or, if from the evidence in the case you find and believe that such services, or any of them, were rendered by plaintiff for defendant, and that defendant accepted such services of the plaintiff, then your verdict will be for the plaintiff in such sum as you believe and find all the evidence in the case will fairly and reasonably compensate the plaintiff for such service performed by him," etc.

The objection to the instruction is that it authorized the plaintiff to recover for services had and received by defendant outside of the contract of employment. And, as the allegations of the petition did not include a claim for such services, the instruction in that respect was technically erroneous. But as the defendant's liability is in fact admitted, we do not see how the instruction could have effected the result. There was no evidence introduced that plaintiff had rendered other services than those stated in his petition. There was nothing in the instruction that could mislead the jury.

The motion assigned several grounds for setting aside the verdict. One, that the court committed error in giving instruction numbered 2, wherein it authorized the jury, in fixing the amount of the verdict, to take into consideration plaintiff's standing and character in the

legal profession. We have been unable to find any evidence in the record as to plaintiff's standing and character in the legal profession. It is a well-known fact that physicians, surgeons and lawyers of high standing in their profession for skill, base to some extent their compensation for services upon their eminence in that respect. The idea was embodied in the instruction criticised. But it should not have been given because there was no evidence to support it. And its tendency was to mislead the jury, as it assumed also that he had a standing and character in his profession. Of course, we assume that he had some standing and that his character was good, or he would not be allowed to practice as a lawyer. But there was nothing to show plaintiff's standing in either respect. It left to the jury to conjecture what it was. The motion also contained a ground for rehearing, because the court committed error in permitting plaintiff to prove the increased value of the property in controversy in the suit for specific performance of the contract pending the litigation. The property was shown to have been worth about $4,300 at the time of plaintiff's employment and that it increased in value to $9,000 or $10,000 during the litigation. Plaintiff also testified that he was to receive no compensation for his services unless he succeeded in enforcing specific performance of the contract. We find no case has been cited from the Missouri courts on the question. Our attention has been called to the following: Robbins v. Harvey, 5 Conn. 335, a case, in which plaintiff was suing for a reasonable compensation for legal services rendered, and wherein he offered to show that when he engaged in the defendant's business she was poor, so that his ultimate remuneration depended wholly upon her recovery; the court held that such evidence was inadmissible, the only question being what was the worth of the services rendered, which could not be affected by the poverty of the defendant. In Haish v. Payson, 107 Ill. 365, it was held: "While the amount involved in the litigation may

not improperly be considered in fixing the value of the services of an attorney in the case which led to a settlement of the matters in dispute, and the securing of certain rights and privileges to his client, yet it was not admissible to go into an inquiry concerning prospective benefits, which may accrue in the future to the client from such settlement."

The principle applied in the Connecticut case was undoubtedly correct, for no good reason can be assigned why a poor man should pay a greater fee than a rich one merely upon the theory that the latter was the more solvent. And no fault is to be found with the law as determined in the Illinois case for the reason given, that prospective benefits, which may accrue in the future, are too indefinite and leave too much room for conjecture and speculation.

But it seems to us that, where an attorney undertakes a case upon the understanding that unless he succeeds and accomplishes for his client what he has agreed to do, he is not to have any compensation for his services, the value of the magnitude of the result achieved ought to be considered in estimating the value of such services. It is well known that in such cases it is universal practice of lawyers to charge more for the same amount of services than is usually charged when there is a fixed compensation for the same. Suppose, for instance, the property in this case at the end of the litigation had depreciated in value until it was only worth $2,000, it would hardly be reasonable to say that plaintiff's services are to be measured entirely by the amount of the labor and skill he bestowed on the case without taking into consideration the value of the property realized. As the value of the property in litigation increased in value, the responsibility of the plaintiff increased in like proportion.

Other points raised by respondent are not well founded. For the reasons given, the action of the court in setting aside the verdict of the jury is affirmed.

All concur.